*1163 OPINION.
Lansdon:
The question of the statute of limitation raised in the original petition has already been decided in favor of the respondent. Charles Havard, 19 B. T. A. 1270. The petitioners concede the deficiency assessed against the taxpayer for 1921 is correct in amount, but deny that they have ever received any of the assets thereof in circumstances that bring them within the provisions of section 280 of the Revenue Act of 1926.
Upon the record it is perfectly clear that the petitioners surrendered their stock and received payment therefor in the checks of the taxpayer about June 1, 1924, in the amounts set forth in our findings of fact. The record does not support a finding of fact that the taxpayer was liquidating its business at June 1, 1924. The only corporate action relating in any way thereto was the resolution of the stockholders on December 31, 1924, authorizing the sale of the corporate assets, but that resolution is silent as to the disposition to be made of the proceeds of such sale. The certificates for which the petitioners were paid were not canceled, but were taken into the accounts of the taxpayer as treasury stock and later reissued to W. E. Corn. After the petitioners and several other stockholders had turned in their certificates and received payment therefor, the taxpayer continued in the business of manufacturing ice and selling coal for more than a year. The first corporate action looking to the closing out of the business was a resolution adopted on October 28, 1925, and the application for dissolution which was filed on June 28, 1926. Even then there is no statement to show whether the assets of the corporation had been distributed prior to the resolution authorizing dissolution or were to be distributed by the statutory trustees thereafter.
The payments to the petitioners were relatively small, were made when the taxpayer was solvent, and did not create insolvency. The books of the taxpayer disclose corporate surplus on December 31, 1923, in an amount in excess of $16,000 and that its business was prosperous from that date until June 1, 1924. The payment of *1164 $6,510 to the petitioners at about the latter date was not sufficient to absorb the corporate surplus and left the taxpayer in sound financial condition to proceed with the business of manufacturing and selling ice, and its balance sheet included in its income-tax return for 1924 indicates solvency at December 31 of that year. In Samuel Keller, 21 B. T. A. 84, relying on McDonald v. Williams, 274 U. S. 397, we said:
If a corporation transfers a part of its assets to stockholders while it is solvent and is not made insolvent by the transfer, there is no liability either at law or in equity on the part of the stockholders who receive such distribution, even though the corporation subsequently becomes insolvent and is no longer able to pay its debts.
The Keller decision, supra, is consistent with the well settled rule that a distribution to the stockholders of a corporation does not impress the funds so paid with a trust in favor of creditors or remaining stockholders unless the corporation was insolvent at the date of payment or insolvency was thereby created. United States v. Updike, 1 Fed. (2d) 550; 8 Fed. (2d) 913; United States v. Armstrong, 26 Fed. (2d) 227; Kinnett-Odom Co., 19 B. T. A. 1124.

Decision will he entered for each of the petitioners.